IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARENCE CURTIS,<br><br>Plaintiff<br><br>v.<br><br>CITY OF CHICAGO, a municipal corporation, Officer M. ECTOR #4134, Officer K. DRUMCOOLE #19047, Officer D. BORUM #11195, Officer K. LITTLE #15888, and Sgt. C. TYLER, each individually and in his official capacity as a member of the Chicago Police Department,<br><br>Defendants. | No. 01 C 8004<br><br>Judge John W. Darrah<br><br>Magistrate Judge Edward A. Bobrick |

**DOCKETED**
SEP 0 3 2002

FILED
AUG 3 0 2002

## NOTICE OF FILING

To: All Counsel of Record (See Attached Service List)

PLEASE TAKE NOTICE that on the 30th day of August, 2002, we filed with the Clerk of the United States District Court, Northern District of Illinois, **Plaintiff's Amended Complaint**, a copy of which is hereby served upon you.

Dated: August 30, 2002

_____
One of the Attorneys for Plaintiff,
Clarence Curtis

David A. Rammelt (ARDC No. 06203754)
KELLEY DRYE & WARREN LLP.
333 West Wacker Drive
Suite 810
Chicago, Illinois 60606
(312) 857-7070

CH01/SYNOS/126882.1

39

# CERTIFICATE OF SERVICE

Caroline C. Heon, an attorney, hereby certifies that on August 30, 2002, she caused a copy of the foregoing **Plaintiff's Amended Complaint** to be served upon all counsel of record by depositing a copy of same in the U.S. Mail chute at 303 West Madison Street, Chicago, Illinois 60606 before the hour of 5:00 p.m.

| | |
|---|---|
| Mara S. Georges, Esq.<br>Arnold H. Park, Esq.<br>Corporation Counsel<br>City of Chicago<br>30 North LaSalle Street<br>Suite 900<br>Chicago, IL 60602 | Counsel for City of Chicago |
| Jelena Beuk, Esq.<br>Joseph M. Pollick, Esq.<br>Bridget Kathleen Moore, Esq.<br>City of Chicago Department of Law<br>Individual Defense Litigation<br>30 North LaSalle Street<br>Suite 1400<br>Chicago, IL 60602 | Counsel for Officers M. Ector, K. Drumcoole, D. Borum and K. Little |
| Thomas Joseph Platt, Esq.<br>City of Chicago Department of Law<br>Individual Defense Litigation<br>30 North LaSalle Street<br>Suite 1400<br>Chicago, IL 60602 | Counsel for Sgt. C. Tyler |

_____

CH01/SYNOS/126882.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARENCE CURTIS,<br><br>Plaintiff<br><br>v.<br><br>CITY OF CHICAGO, a municipal corporation, Officer M. ECTOR #4134, Officer K. DRUMCOOLE #19047, Officer D. BORUM #11195, Officer K. LITTLE #15888, and Sgt. C. TYLER, each individually and in his official capacity as a member of the Chicago Police Department,<br><br>Defendants. | No. 01 C 8004<br><br>Judge John W. Darrah<br><br>Magistrate Judge Edward A. Bobrick |

FILED AUG 3 0 2002

DOCKETED SEP 0 3 2002

## AMENDED COMPLAINT

Plaintiff, Clarence Curtis, by his attorney David A. Rammelt, for his Amended Complaint avers as follows:

### Parties and Jurisdiction

1. Plaintiff is a resident of Winnebago Correctional Center, a minimum security facility in Winnebago, Wisconsin. Plaintiff is housed at this facility pursuant to an unrelated aggravated assault warrant in the State of Wisconsin.

2. Plaintiff has resided at Winnebago Correctional Center since August 2002. Prior to August 2002, Plaintiff resided at Redgranite Correctional Institution since or about October 9, 2001. Prior to taking residence at the Redgranite Correctional Center, Plaintiff resided at Cook County Jail for over twenty-eight (28) months from May 5, 1999 to October 9, 2001.

3. Defendant, the City of Chicago, at all relevant times, has been a municipal

corporation. The Chicago Police Department falls within the organizational structure of the City of Chicago.

4. Defendant Officers, M. Ector #4134, K. Drumcoole #19047, D. Borum #11195 and K. Little #15888 ("Defendant Officers"), were, at all relevant times, police tactical officers employed by the Chicago Police Department.

5. Upon information and belief, Defendant Officers were on duty at the Chicago Housing Authority high rise building, Eckie Home, located at 2310 South State Street in Chicago, Illinois on May 5, 1999.

6. Upon information and belief, Defendant, Sgt. C. Tyler ("Defendant Sergeant") was, at all relevant times, a police sergeant employed by the Chicago Police Department and was the supervising officer on duty at the police station located at 4844 South State Street in Chicago, Illinois on May 5, 1999.

7. This action arises under the Due Process Clause of the Constitution of the United States of America. This Court has jurisdiction over this action by virtue of 28 U.S.C. §1331. Plaintiff seeks relief for violations of the named federal constitutional provision pursuant to 42 U.S.C. §1983.

## General Allegations

8. On May 5, 1999, Plaintiff was present at the residence of Josette Hamilton (the "Leaseholder") located at 2310 South State Street, Apt. 606 in Chicago, Illinois (the "Residence").

9. According to the record, Defendant Officers, acting on an anonymous tip that there were narcotics at the Residence, unlawfully entered the Residence at approximately 10:30 a.m. without a valid search warrant or consent by the Leaseholder.

10. At the time Defendant Officers entered the Residence, Leaseholder was not present at the Residence, but was at her place of employment.

11. Leaseholder maintains that she did not give Defendant Officers consent prior to their entry and search of the Residence.

12. Without a valid search warrant or consent from the Leaseholder, Defendant Officers searched the Residence and recovered what was alleged to be illegal narcotics.

13. Plaintiff, a guest of the Residence, was subsequently arrested and charged with possession of a controlled substance with intent to deliver.

14. After Defendant Officers had entered and searched the Residence, the Leaseholder was contacted by telephone at her place of employment and was asked to return to the Residence.

15. Approximately 20-30 minutes following this phone call and subsequent to the Defendant Officers' search of the Residence, Leaseholder arrived at the Residence.

16. Thereafter, Plaintiff and Leaseholder were transported to the police station located at 4844 South State Street in Chicago, Illinois ("Police Station").

17. Leaseholder maintains that while she was present at the Police Station, she was coerced into signing a written consent to search the Residence.

18. Upon information and belief, Defendant Officers falsified official police records, including but not limited to the arrest report, vice case report, and consent to search, to make it appear as though Leaseholder was present at the Residence at the time of the search and had provided her written consent to the search, prior to the actual search.

19. Upon information and belief, Defendant Sergeant approved such falsified police records.

CH01/SYNOS/126262.1

20. Based on the physical evidence allegedly recovered in the course of the unlawful search and based on the falsified police records that disguised the nature of the search, the Cook County State's Attorney's Office initiated criminal charges against Plaintiff for possession of a controlled substance with intent to deliver on June 10, 1999.

21. On September 13, 1999, with the assistance of the Public Defender's Office, Plaintiff filed a Motion to Quash Arrest and Suppress Evidence obtained from the unlawful search.

22. More than two years later, on September 19, 2001, a Suppression Hearing was held in the Circuit Court of Cook County, wherein Judge Henry Simmons granted Plaintiff's motion to suppress finding "[c]reditability resolved in favor of the [Plaintiff]" (the "Ruling").

23. Upon information and belief, the Cook County State's Attorney's Office did not appeal the Ruling.

24. An Order of *Nolle Prosequi* was entered and Plaintiff was discharged from the Cook County Jail on September 25, 2001. Thereafter, Plaintiff was transferred to a Wisconsin correctional institution pursuant to an unrelated aggravated assault warrant in Wisconsin.

25. The Cook County State's Attorney's Office did not re-file charges against Plaintiff.

## Count I

### Violation of Procedural Due Process Right to a Fair Trial Under the U.S. Constitution

26. Plaintiff realleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 25 of this Amended Complaint.

27. According to the record, Defendant Officers voluntarily and deliberately

fabricated inculpatory evidence by falsifying official police records, including but not limited to the arrest report, vice case report and consent to search, all of which were submitted in support of the unlawful search and arrest of Plaintiff, so as to make it appear as though the Defendant Officers had acquired consent of the Leaseholder prior to their entry and search of the Residence.

28. According to the record, Defendant Sergeant voluntarily and deliberately fabricated inculpatory evidence by knowingly approving such false and misleading police documents.

29. The City of Chicago and the members of the Chicago Police Department as part of the organizational structure of the City of Chicago are bound by the laws of the United States Constitution as adopted by the Illinois Constitution.

30. Defendant Officers and Defendant Sergeant violated Plaintiff's procedural due process right to a fair trial under the Fourteenth Amendment of the United States Constitution by voluntarily and deliberately supplying false inculpatory evidence to the Cook County State's Attorney's Office.

31. According to the record, Prosecutors relied on such false and misleading inculpatory evidence provided by Defendant Officers and Defendant Sergeant in deciding to criminally charge and continue prosecuting Plaintiff for possession of a controlled substance with intent to deliver.

32. The record in this case shows that, Defendant City, through its widespread practice of failing to properly investigate and apply discipline regarding police misconduct, including conspiring to fabricate official documents, evidenced a policy, practice and custom of encouraging and condoning unlawful acts of conspiring to falsify official documents to mislead prosecutors in order deprive individuals of their procedural due process right to a fair trial under

the Fourteenth Amendment of the United States Constitution. In so doing, such misconduct was sanctioned by Defendant City.

33. The indictment and continued prosecution resulted in Plaintiff being detained in the Cook County Jail for over twenty-eight (28) months.

34. The foregoing actions of Defendants violated the Fourteenth Amendment of the Constitution of the United States in that it deprived Plaintiff of his due process rights to a fair trial.

## Count II

## Conspiracy to Deprive Plaintiff of Procedural Due Process Right to a Fair Trial

35. Plaintiff realleges and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 34 of this Amended Complaint.

36. According to the record, Defendant Officers conspired to fabricate inculpatory evidence, by voluntarily and deliberately falsifying official police records, including but not limited to the arrest report, vice case report and consent to search, which were submitted in support of the unlawful search and arrest of Plaintiff, so as to create the appearance that Defendant Officers had acquired consent of the Leaseholder prior to their entry and search of the Residence.

37. According to the record, Defendant Sergeant conspired with Defendant Officers to fabricate inculpatory evidence by voluntarily and knowingly approving such false and misleading police documents.

38. According to the record, Defendant Officers and Defendant Sergeant conspired to violate Plaintiff's procedural due process right to a fair trial under the Fourteenth Amendment of the United States Constitution by voluntarily and deliberately providing prosecutors with such

6

false and misleading inculpatory evidence, causing prosecutors to violate Plaintiff's due process right to a fair trial.

39. The record in this case shows that, Defendant City, through its widespread practice of failing to properly investigate and apply discipline regarding police misconduct, including conspiring to fabricate official documents, evidenced a policy, practice and custom of encouraging and condoning unlawful acts of conspiring to falsify official documents to mislead prosecutors in order deprive individuals of their procedural due process right to a fair trial under the Fourteenth Amendment of the United States Constitution. In so doing, such misconduct was sanctioned by Defendant City.

CH01/SYNOS/126262.1

## Demand for Judgment

WHEREFORE, Plaintiff, prays that court enter judgment in his favor and against Defendants and award Plaintiff monetary damages in an amount to be determined by the trier of fact. Plaintiff also requests any additional relief to which this Court shall deem Plaintiff entitled.

Dated: August 30, 2002

*Carol C. Her*

One of the Attorneys for Plaintiff,
Clarence Curtis

David A. Rammelt (ARDC No. 06203754)
KELLEY DRYE & WARREN LLP.
333 West Wacker Drive
Suite 810
Chicago, Illinois 60606
(312) 857-7070

## Jury Demand

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests trial by jury.

CH01/SYNOS/126262.1