# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8004 | **DATE** | 12/12/2002 |
| **CASE TITLE** | Clarence Curtis vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held and continued to 2/6/2003 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' joint motion to dismiss plaintiff's amended complaint is denied. Responsive pleading due January 8, 2003. Enter memorandum opinion and order.
(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 13 2002 | |
| | Notified counsel by telephone. | | date docketed | 44 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | 02 DEC 12 PM 1:37 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CLARENCE CURTIS, ) | |
| ) | Case No. 01 C 8004 |
| Plaintiff, ) | |
| ) | Hon. John W. Darrah |
| v. ) | |
| ) | |
| CITY OF CHICAGO, a municipal ) | |
| corporation; OFFICER M. ECTOR, Star ) | |
| No. 4134; OFFICER K. DRUMCOOLE, ) | |
| Star No. 19047; OFFICER D. BORUM, ) | |
| Star No. 11195; OFFICER K. LITTLE, ) | |
| Star No. 15888; and SERGEANT ) | |
| C. TYLER, each individually and in his ) | |
| official capacity as a member of the ) | |
| Chicago Police Department, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
DEC 1 3 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Clarence Curtis ("Plaintiff"), filed a *pro se* complaint against Defendants, Chicago Police Department; Officers M. Ector, K. Drumcoole, D. Borum, K. Little; Sergeant C. Tyler; and Richard Devine. The Court, *sua sponte*, dismissed the Chicago Police Department and Richard Devine as defendants. Counsel was appointed to represent Plaintiff; and Plaintiff filed a two-count amended complaint against Ector, Drumcoole, Borum, Little, Tyler and the City of Chicago (collectively "Defendants"), alleging "Violation of Procedural Due Process Right to a Fair Trial Under the U.S. Constitution" and "Conspiracy to Deprive Plaintiff of Procedural Due Process Right to a Fair Trial". Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss. For the reasons stated below, Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint is denied.

44

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts,* 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education,* 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,'. . . he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady,* 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein,* 939 F.2d 463, 467 (7th Cir. 1991). The district court must review the complaint liberally, taking as true all well-pleaded allegations and the inferences that may be drawn from them. *See Sapperstein v. Hager,* 188 F.3d 852, 855 (7th Cir. 1999).

## BACKGROUND

For purposes of this motion to dismiss, the following allegations are taken as true.

Officers Ector, Drumcoole, Borum, and Little (collectively "the Officers") were, at all relevant times, police tactical officers employed by the Chicago Police Department. On May 5, 1999, Officers Ector, Drumcoole, Borum and Little were on duty at the Eckie Home, a high-rise building owned by the Chicago Housing Authority located at 2310 South State Street in Chicago, Illinois.

On May 5, 1999, Plaintiff was at Josette Hamilton's ("Hamilton") apartment at the Eckie Home. At about 10:30 a.m., while Hamilton was at work, the Officers, acting on an anonymous tip that there were narcotics at Hamilton's apartment, entered her apartment without a valid search warrant or her consent. The Officers searched the apartment and allegedly recovered illegal narcotics. Plaintiff was subsequently arrested for possession of a controlled substance with intent to deliver.

The Officers then called Hamilton at work and asked her to return to her apartment. Hamilton arrived at her apartment about twenty to thirty minutes later. Hamilton and Plaintiff were then transported to the police station located at 4844 South State Street in Chicago, Illinois ("the station") where Sergeant Tyler was the supervising officer on duty. At the station, Hamilton was coerced into signing a written consent to search her apartment.

The Officers then falsified official police records, including, but not limited to, the arrest report, the vice case report, and consent to search form, to make it appear that Hamilton was present at the time of the search and had given her written consent to the search before the search took place. Sergeant Tyler approved these falsified records.

Based on the falsified police records, the Cook County State's Attorney's Office initiated criminal charges against Plaintiff for possession of a controlled substance with intent to deliver on June 10, 1999. On September 13, 1999, Plaintiff filed a Motion to Quash Arrest and Suppress Evidence obtained from the search. On September 19, 2001, the Circuit Court of Cook County granted Plaintiff's motion to suppress the illegally seized evidence. On September 25, 2001, an order of *nolle prosequi* was entered; and Plaintiff was discharged from the Cook County Jail, where he had been confined since his arrest in May 1999. The Cook County State's Attorney's Office did

not refile charges against Plaintiff.

Plaintiff filed the original complaint in this action on October 17, 2001.

## DISCUSSION

Count I alleges that Defendants violated Plaintiff's procedural due process right to a fair trial under the Fourteenth Amendment of the United States Constitution by voluntarily and deliberately supplying false inculpatory evidence to the Cook County State's Attorney's Office. Count I also alleges that the City of Chicago has a widespread practice of failing to investigate and apply discipline regarding police misconduct; has a policy, practice and custom of encouraging and condoning unlawful acts, such as conspiring to falsify official documents to mislead prosecutors in order to deprive individuals of their right to a fair trial; and conspired to fabricate official documents.

Count II alleges that the Officers and Sergeant Tyler conspired to fabricate evidence by voluntarily and deliberately falsifying official police records so that it appeared that Hamilton had consented to the search of her apartment before it occurred and providing prosecutors with these false documents, which caused prosecutors to violate Plaintiff's due process right to a fair trial. Count II also alleges that the City of Chicago has a widespread practice of failing to investigate and apply discipline regarding police misconduct; has a policy, practice and custom of encouraging and condoning unlawful acts, such as conspiring to falsify official documents to mislead prosecutors in order to deprive individuals of their right to a fair trial; and conspired to fabricate official documents.

To state a claim under § 1983, Plaintiff must allege that (1) he held a constitutional right, (2) he was deprived of this constitutional right, (3) Defendant intentionally caused this deprivation, and (4) Defendant acted under color of state law. *Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir. 1990).

Section 1983 does not have its own statute of limitations but borrows the Illinois statute of limitations applicable to tort claims. *Shropshear v. Corporation Counsel*, 275 F.3d 593, 594 (7th Cir. 2001). "The statute of limitations for section 1983 claims arising in Illinois is two years." *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996). The discovery rule applies to the statute of limitations in federal question cases, meaning that the statute of limitations begins to run when the plaintiff was injured or discovered or should have discovered he was injured. *Cathedral of Joy Baptist Church v. Village of Hazel Crest*, 22 F.3d 713, 717 (7th Cir. 1994).

Defendants argue that dismissal is appropriate because Plaintiff's claims under 42 U.S.C. § 1983 are time-barred and are not viable in federal court because they are malicious prosecution claims. Plaintiff argues that, because he has alleged a violation of his constitutional due process right to a fair trial, his § 1983 claims did not accrue until September 25, 2001, when an order of *nolle prosequi* was entered and he was released from the Cook County Jail, and, therefore, his § 1983 claims are timely.

The Seventh Circuit has held that "malicious prosecution is not tenable as an independent constitutional theory." *Newsome v. McCabe*, 256 F.3d 747, 753 (7th Cir. 2001). "Section 1983 provides a remedy for certain forms of trial-based government misconduct based on violations of due process – not malicious prosecution." *Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002). Under this constitutional theory, "the plaintiff must allege that the officers withheld information or evidence necessary for the fair and impartial trial guaranteed by the U.S. Constitution." *Ienco*, 286 F.3d at 999. "*Newsome* . . . links the police officer's duty to disclose exculpatory evidence to the prosecutors with the criminal defendant's right to a fair trial, essentially applying the obligations of prosecutors outlined in *Brady* [*v. Maryland*], 373 U.S. 83 (1963)] to police officers." *Gregory v.*

*Oliver*, No. 00 C 5984, 2002 WL 31385993, at *8 (N.D. Ill. Oct. 21, 2002).

The amended complaint adequately pleads a due process violation. Plaintiff alleges that criminal charges were initiated against him based on the falsified police records and the evidence allegedly recovered at Hamilton's residence. Plaintiff alleges that his motion to suppress was granted on September 19, 2001. Plaintiff alleges, further, that he was confined on the charges resulting from the police misconduct for over two years, from May 5, 1999 until September 25, 2001, when an order of *nolle prosequi* was entered and he was discharged from the Cook County Jail after the illegally seized evidence was suppressed.

Plaintiff has alleged that Defendants falsified records and that, if those records had not been falsified, no criminal charges would have been filed against him. The Court must accept these allegations as true on a motion to dismiss. An order of *nolle prosequi* was entered once it was determined that Hamilton had not consented to the search of her apartment. Moreover, Plaintiff has alleged that he was wrongfully detained in the interim for over two years due to the initiation of criminal charges based on the falsified police records. "Because an unfair trial is a predictable consequence when police officers systematically mislead prosecutors, the court concludes that Plaintiff has stated a due process claim with regard to his allegations" that the Officers falsified police records. *See Castillo v. Zuniga*, No. 01 C 616, 2002 WL 398519, at *9 (N.D. Ill. Mar. 14, 2002). Thus, Plaintiff has sufficiently alleged a due process violation.

Finally, Plaintiff has adequately pled a § 1983 claim against the City of Chicago. Under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978), a municipality cannot be held liable under a respondeat superior theory of liability, that is, solely because it employs the tortfeasor. To state a § 1983 claim against a municipality, Plaintiff must allege that the

municipality's custom or policy resulted in the deprivation of their constitutional rights. *Monell*, 436 U.S. at 694. "[P]laintiffs must allege an 'affirmative link' between the policy and the constitutional violation such that the enforcement of the policy was the 'moving force' behind the violation." *Crandall v. City of Chicago*, No. 00 C 14, 2000 WL 688948, at *2 (N.D. Ill. May 24, 2000). Plaintiff can do this by alleging "an express policy that causes a constitutional deprivation", "a widespread practice that... causes a constitutional deprivation and is so permanent and well settled as to constitute a custom and usage with the force of law", or a constitutional injury that was caused by a person with "final policymaking authority". *Crandall*, 2000 WL 688948, at *2 (quoting *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994)).

Here, Plaintiff has alleged that the City of Chicago has a widespread practice of failing to investigate and apply discipline regarding police misconduct; has a policy, practice and custom of encouraging and condoning unlawful acts, such as conspiring to falsify official documents to mislead prosecutors in order to deprive individuals of their right to a fair trial; and conspired to fabricate official documents.

Furthermore, Plaintiff's § 1983 claims are timely. Plaintiff's § 1983 claims did not accrue until September 25, 2001, when he knew or should have known that he had been injured. *Cathedral of Joy Baptist Church*, 22 F.3d at 717. Plaintiff filed this action on October 17, 2001; and, therefore, his § 1983 claims are timely.

## CONCLUSION

For the reasons stated herein, Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint is denied.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: December 12, 2002